UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
ELISEO CORTEZ MELENDEZ, on behalf of himself, individually, and all other similarly situated persons,

Plaintiff,

-against-

GALLEGO SEAFOOD CORP, GALLEGO SEAFOOD 2 CORP., GALLEGO SEAFOOD 3 CORP., GALLEGO SEAFOOD 4 CORP. and JUAN JOSE LINARES,

Defendants.
---------------------------------------------------------------------X

**<u>COMPLAINT</u>**

*Class and Collective Actions*

Plaintiff, Eliseo Cortez Melendez, on behalf of himself, individually, and all other similarly situated persons, by and through his counsel, the Romero Law Group PLLC, complaining of the Defendants Gallego Seafood Corp, Gallego Seafood 2 Corp., Gallego Seafood 3 Corp., Gallego Seafood 4 Corp. and Juan Jose Linares (collectively as "Defendants"), allege as follows:

## <u>NATURE OF THE CLAIM</u>

1. Plaintiff brings this action to recover unpaid overtime wages under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and the New York Labor Law, Articles 6 and 19, § 650 *et seq.*, and the supporting New York State Department of Labor Regulations, including 12 N.Y.C.R.R. § 146 ("NYLL"), unpaid minimum wages under the NYLL, unpaid spread of hours compensation under the NYLL and 12 N.Y.C.R.R. § 146-1.6, damages for failure to furnish accurate wage statements for each pay period under NYLL § 195(3), damages for failure to provide a wage notice upon his hire under NYLL § 195(1), and any other claim(s) that can be inferred from the facts set forth herein.

2. Plaintiff brings this lawsuit against the Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of himself, individually, and on behalf of

all other similarly-situated persons during the applicable FLSA limitations period who suffered damages as a result of the Defendants' willful violations of the FLSA. Plaintiff brings his Second through Sixth Claims for Relief under the NYLL behalf of himself, individually, and on behalf of any FLSA Collective Action Plaintiff, as that term is defined below, who opts-in to this action.

3. Plaintiff also brings his Second through Sixth Claims for Relief as a class action pursuant to Federal Rule of Civil Procedure 23, on behalf of himself, individually, and on behalf of all other persons similarly-situated during the applicable limitations periods who suffered damages as a result of the Defendants' violations of these claims under the NYLL and the supporting New York State Department of Labor regulations.

**JURISDICTION AND VENUE**

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as this action arises under 29 U.S.C. § 201, *et seq*. and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

5. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events or omissions giving rise to the claims occurred within the Southern District of New York.

**THE PARTIES**

6. At all relevant times, Plaintiff is and was a resident of the County of New York, State of New York.

7. At all relevant times, Plaintiff was an "employee" within the meaning of the FLSA, 29 U.S.C. § 203(e) and NYLL § 190(2).

8. At all relevant times, Defendant Gallego Seafood Corp is and was a domestic business corporation with its principal place of business at 104 East 183rd Street, Bronx, New York 10453.

9. At all relevant times, Defendant Gallego Seafood Corp is and was subject to the requirements of the FLSA because, upon information and belief, it had annual gross revenue of at least $500,000, was engaged in interstate commerce and had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, including but not limited to the use of food and ingredients, seafood, kitchenware, cooking equipment, utensils, tables, chairs, cleaning supplies, office supplies, phones, receipt papers, pens, and paper, all or much of which undoubtably traveled in interstate commerce, and accepted payment from credit card machines, banks and other moneys that originated from outside of New York State.

10. At all relevant times, Defendant Gallego Seafood Corp is and was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d) and NYLL § 190(3).

11. At all relevant times, Defendant Gallego Seafood Corp employed more than eleven employees at any given time.

12. At all relevant times, Defendant Gallego Seafood 2 Corp. is and was a domestic business corporation with its principal place of business at 518 West 207th Street, New York, New York 10034.

13. At all relevant times, Defendant Gallego Seafood 2 Corp. is and was subject to the requirements of the FLSA because, upon information and belief, it had annual gross revenue of at least $500,000, was engaged in interstate commerce and had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce,

including but not limited to the use of food and ingredients, seafood, kitchenware, cooking equipment, utensils, tables, chairs, cleaning supplies, office supplies, phones, receipt papers, pens, and paper, all or much of which undoubtably traveled in interstate commerce, and accepted payment from credit card machines, banks and other moneys that originated from outside of New York State.

14. At all relevant times, Defendant Gallego Seafood 2 Corp. is and was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d) and NYLL § 190(3).

15. At all relevant times, Defendant Gallego Seafood 2 Corp. employed more than eleven employees at any given time.

16. At all relevant times, Defendant Gallego Seafood 3 Corp. is and was a domestic business corporation with its principal place of business at 217 E Tremont Avenue, Bronx, New York 10457.

17. At all relevant times, Defendant Gallego Seafood 3 Corp. is and was subject to the requirements of the FLSA because, upon information and belief, it had annual gross revenue of at least $500,000, was engaged in interstate commerce and had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, including but not limited to the use of food and ingredients, seafood, kitchenware, cooking equipment, utensils, tables, chairs, cleaning supplies, office supplies, phones, receipt papers, pens, and paper, all or much of which undoubtably traveled in interstate commerce, and accepted payment from credit card machines, banks and other moneys that originated from outside of New York State.

18. At all relevant times, Defendant Gallego Seafood 3 Corp. is and was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d) and NYLL § 190(3).

19. At all relevant times, Defendant Gallego Seafood 3 Corp. employed more than eleven employees at any given time.

20. At all relevant times, Defendant Gallego Seafood 4 Corp. is and was a domestic business corporation with its principal place of business at 1270 St. Nicholas Avenue, New York, New York 10033.

21. At all relevant times, Defendant Gallego Seafood 4 Corp. is and was subject to the requirements of the FLSA because, upon information and belief, it had annual gross revenue of at least $500,000, was engaged in interstate commerce and had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, including but not limited to the use of food and ingredients, seafood, kitchenware, cooking equipment, utensils, tables, chairs, cleaning supplies, office supplies, phones, receipt papers, pens, and paper, all or much of which undoubtably traveled in interstate commerce, and accepted payment from credit card machines, banks and other moneys that originated from outside of New York State.

22. At all relevant times, Defendant Gallego Seafood 4 Corp. is and was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d) and NYLL § 190(3).

23. At all relevant times, Defendant Gallego Seafood 4 Corp. employed more than eleven employees at any given time.

24. At all relevant times, Defendant Juan Jose Linares is and was an owner and/or officer for Defendants Gallego Seafood Corp, Gallego Seafood 2 Corp., Gallego Seafood 3 Corp. and Gallego Seafood 4 Corp. (collectively as "Corporate Defendants"), as well as a manager for the Corporate Defendants, was active in the day to day management of the Corporate Defendants, including directing Plaintiff and Defendants' other employees regarding their duties, being

responsible for the payment of Plaintiff's and Defendants' other employees' wages, determining what wages were paid to Plaintiff and Defendants' other employees, had the power to hire, fire and discipline employees, had authority to make all personnel decisions, was responsible for maintaining personnel records relating to Plaintiff's and Defendants' other employees' employment, and is liable to Plaintiff and Defendants' other employees as an "employer" within the meaning of the FLSA and NYLL.

25. At all relevant times, Defendants jointly operated and continue to operate multiple restaurants in Manhattan and the Bronx that serve Dominican fare and seafood for dining in, takeout or delivery service, which are open 24 hours per day, seven days per week, and which offer catering services.

26. Additionally, at all times relevant, Defendants shared employees, assigning Plaintiff and other employees to work at any of their restaurant locations interchangeably as a common enterprise and single business.

27. During his employment, Plaintiff worked at multiple restaurant locations interchangeably, including at multiple restaurant locations during the same workweeks, as Defendants operate as a single business.

28. At all times relevant, including throughout his employment, Plaintiff and Defendants' other employees performed the same job duties regardless of the position that they worked at on any given workday.

29. At all times relevant, including throughout his employment, Defendants maintained the same employee compensation practices, including but not limited to their practices relating to recording hours, payment of wages, overtime wages, minimum wages, and spread of hours

compensation, and other wage and hour practices, for their employees at all of Defendants' restaurants.

30. At all relevant times, Defendants operated all of the restaurants as same business and utilized the same doing business as name of Gallego Seafood at all locations.

31. At all relevant times, upon information and belief, Defendants jointly supervised Plaintiff's employment and Defendants' other employees, jointly shared authority to make payroll decisions for Plaintiff and Defendants' other employees, jointly shared authority to make hiring, firing and other personnel decisions for Plaintiff and Defendants' other employees, jointly shared authority to discipline and/or counsel Plaintiff and Defendants' other employees regarding their employment, were all active in the day to day management of their business, including the payment of wages to Plaintiff and Defendants' other employees and determining what wages were paid to Plaintiff and Defendants' other employees, and were jointly responsible for maintaining personnel records for Plaintiff and Defendants' other employees.

32. Additionally, at all relevant times, due to these terms of their employment, Plaintiff and Defendants' other employees was performing services for all Defendants at any given time as the services were mutually provided to all Defendants at all times and for the mutual benefit and interest of all Defendants simultaneously.

33. At all relevant times, the Corporate Defendants are a single company operating under four entity names as a common enterprise, with interrelated operations, common owners, members and/or officers, common management, a centralized control of labor relations, and common financial control within their businesses, including with respect to their payroll for employees, including Plaintiff and Defendants' other employees, utilize a common business name known as Gallego Seafood.

## FACTS

34. Defendants employed Plaintiff as a cook and kitchen worker from on or about November 25, 2021 until in or about January 29, 2026.

35. Throughout his employment, Plaintiff was primarily responsible for cooking, cleaning the kitchen, preparing meats and other ingredients, and organizing the kitchen area.

36. Throughout his employment, Plaintiff regularly worked seven days during each workweek.

37. From on or about November 25, 2021 until in or about 2023, Plaintiff regularly worked from 6:00 a.m. until 10:00 p.m. on two or three workdays during each workweek and worked from 6:00 a.m. until 2:00 p.m. during the remaining four or five workdays during each workweek, for a total of seven days worked during each workweek.

38. From in or about 2023 until on or about January 29, 2026, Plaintiff regularly worked from 10:00 p.m. until 6:00 a.m. during five workdays during each workweek and worked from 10:00 p.m. until 12:00 p.m. the next day during the remaining two workdays during each workweek, for a total of seven days worked during each workweek.

39. Throughout his employment, Plaintiff typically did not receive uninterrupted meal breaks during his shifts.

40. Accordingly, throughout his employment, Defendants regularly required Plaintiff to work, and Plaintiff did work, far more than forty hours during his workweeks.

41. For his work, throughout his employment, Defendants paid Plaintiff a fixed weekly salary, regardless of his number of hours worked during each workweek.

42. Throughout his employment, despite regularly working in excess of forty hours during each workweek, Defendants failed to pay Plaintiff at his statutorily required overtime rate

of one and one-half times his hourly regular rates of pay or the applicable minimum wage, whichever is greater, for hours worked in excess of forty hours during his workweeks, in violation of the FLSA and NYLL.

43. Throughout his employment, when Plaintiff's weekly pay is converted to his true hourly regular rates of pay by operation of law, Plaintiff's regular rates of pay frequently result in hourly rates of pay below the mandated minimum wage rate in violation of the NYLL.

44. Throughout his employment, Plaintiff frequently worked daily shifts that exceeded ten hours per workday from its start to its finish.

45. However, throughout his employment, Defendants failed to pay Plaintiff spread-of-hours compensation of one additional hour at the applicable minimum wage rate for each workday that exceeded ten hours, in violation of the NYLL.

46. Throughout his employment, Defendants failed to track or record Plaintiff's hours worked in any manner, including failing to track or record Plaintiff's hours worked on a daily or weekly basis.

47. Throughout his employment, Defendants paid Plaintiff his wages on a weekly basis.

48. Throughout his employment, Defendants paid Plaintiff his wages in cash.

49. Throughout his employment, Defendants failed to provide written notice to Plaintiff upon his hire in his primary language – or at all – of his rates of pay and other information required by NYLL § 195(1).

50. Throughout his employment, Defendants failed to furnish Plaintiff with accurate – or any – statements of his wages earned, including, *inter alia*, his correct regular and overtime rates of pay, his correct amount of regular and overtime hours worked, his spread of hours

compensation, and his correct amount of gross wages, net wages, deductions and allowances, for each pay period as required by NYLL § 195(3).

51. By failing to provide Plaintiff with a wage notice meticulously detailing Plaintiff's hourly rates upon his hire, as well as by failing to record his actual amount of hours worked and the manner of calculating his compensation for each workweek as required by NYLL §§ 195(1) and (3) and the related New York State Department of Labor Regulations, and by failing to provide other accurate and/or complete information under these requirements, such as failing to provide accurate – or any – wage statements (i.e. paystubs), Defendants caused actual and concrete harm to Plaintiff, who was unable to determine whether he had been underpaid for his proper straight-time, regular hourly wages or overtime compensation throughout his employment.

52. Because Plaintiff worked without the accurate and complete information required by NYLL §§ 195(1) and (3), Plaintiff was unable to determine the precise amount of wages that he was entitled to receive, assess the manner in which his wages were calculated, and determine that he had been underpaid during his workweeks, which caused Plaintiff to suffer unpaid wages throughout his employment and caused him to suffer underpayments longer than he would have if a compliant – or any – wage notice and/or a complaint or accurate – or any – wage statements had been provided.

53. With no way to know how much Plaintiff should have been making or receiving in wages, Plaintiff worked throughout his employment without discovering how much he had been underpaid during his workweeks, which denied Plaintiff not only the time-value of that money, but also resulted in continued actual underpayments.

54. Defendants willfully disregarded and purposefully evaded record keeping requirements of the FLSA and the NYLL by failing to maintain accurate records of the wages

earned by and paid to Plaintiff, failing to pay proper wages in accordance with his hours worked, failing to pay proper overtime wages in accordance with his hours worked, failing to pay proper minimum wages in accordance with his hours worked, failing to pay spread of hours compensation in accordance with his hours worked, failing to provide a wage notice upon his hire in his primary language and failing to provide any wage statements during his employment.

55. Defendants treated and paid Plaintiff, FLSA Collective Action Members and Class Members in the same or similar manner pursuant to Defendants' corporate-wide payroll and employment practices.

56. Plaintiff, FLSA Collective Action Members and Class Members suffered the same or similar harms as a result of Defendants' corporate-wide payroll and employment practices.

## COLLECTIVE ACTION ALLEGATIONS

57. At all times relevant, Plaintiff and other FLSA Collective Action Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decisions, plans and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them overtime pay for hours worked in excess of forty (40) hours each week in accordance with the requirements of the FLSA.

58. Upon information and belief, there are many current and former employees who are similarly situated to the Plaintiff, who have been underpaid in violation of the FLSA. The named Plaintiff is representative of those other workers and is acting on behalf of the Defendants' current and former employees' interests as well as his own interests in in bringing this action.

59. Plaintiff seeks to proceed as a collective action with regard to the First Claim for Relief, pursuant to 29 U.S.C. § 216(b) on behalf of himself, individually, and the following similarly situated employees:

> All non-exempt persons who are currently, or have been employed by the Defendants as a non-exempt, hourly paid employee, including but not limited to cooks, dishwashers, kitchen workers, cashiers, and/or those in a similarly situated position, at any time during the three (3) years prior to the filing of their respective consent forms.

60. The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. These similarly situated employees should be notified of and allowed to opt-into this action pursuant to 29 U.S.C. § 216(b). Unless the Court promptly issues such a notice, persons similarly situated to the Plaintiff, who have been unlawfully deprived of overtime pay in violation of the FLSA, will be unable to secure compensation and damages to which they are entitled and which has been unlawfully withheld from them by the Defendants.

## CLASS ACTION ALLEGATIONS

61. Plaintiff brings the Second through Sixth Claims for Relief on behalf of himself, individually, and a class of persons under Fed. R. Civ. P. 23 consisting of all persons who are currently, or have been, employed by the Defendants as a non-exempt, hourly paid employee, including but not limited to cooks, dishwashers, kitchen workers, cashiers, and/or those in a similarly situated position at any time during the statutory period of up to six (6) years prior to the filing of this Complaint through the date of judgment (hereinafter referred to as the "Class" or the "Class Members").

62. The Class Members are readily ascertainable. The number and identity of the Class Members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and rates of pay for Class Members may also be determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under Fed. R. Civ. P. 23.

63. The proposed Class is so numerous such that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown because the facts on which the calculation of that number rests are presently within the sole control of Defendants, upon information and belief, there are more than forty (40) individuals who are currently, or have been, employed by the Defendants as a covered Class Member at any time during the statutory period of up to six (6) years prior to the filing of this Complaint.

64. Defendants have acted and/or have refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

65. There are questions of law and fact common to the Class which predominate over any questions affecting only individual Class Members, including:

(a) Whether Defendants failed and/or refused to pay the Plaintiff and Class Members premium overtime compensation at the correct rates of pay for hours worked in excess of forty hours in a single workweek;

(b) Whether Defendants failed and/or refused to pay the Plaintiff and Class Members wages at the applicable minimum wage for all hours worked in a single workweek;

(c) Whether Defendants failed and/or refused to pay the Plaintiff and Class Members spread of hours compensation;

(d) Whether Defendants failed to furnish the Plaintiff and Class Members with a compliant notice of wage rate upon their hire and/or whether such notice was provided in their primary language;

(e) Whether Defendants failed to furnish the Plaintiff and Class Members with accurate wage statements for each pay period;

(f) Whether Defendants' general practice of failing and/or refusing to pay Plaintiff and Class Members overtime pay, minimum wage compensation and/or spread of hours compensation was done willfully and/or with reckless disregard of the state wage and hour laws;

(g) Whether Defendants took any active steps to ascertain and comply with the state wage and hour laws regarding their payment of wages to Plaintiff and Class Members;

(h) Whether Defendants failed to keep and maintain true and accurate payroll records, including, *inter alia*, recording all hours worked and compensation received for the Plaintiff and Class Members;

(i) Whether Defendants' policies, practices, programs, procedures, protocols, and plans regarding keeping and maintaining payroll records complied with the law; and

(j) What was the nature and extent of the Class-wide injury and the appropriate measure of damages for the class.

66. Plaintiff's claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All of the Class Members were subject to the same corporate practices of Defendants. Defendants' corporate-wide policies and practices affected and harmed all Class Members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class Member. Plaintiff and other Class Members sustained similar losses, injuries and damages arising from the same unlawful policies, practices, and procedures.

67. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class.

68. Plaintiff has retained counsel competent and experienced in class actions, wage and hour litigation, and employment litigation.

69. A class action is superior to other available methods for the fair and efficient adjudication of litigation, particularly in the context of wage and hour litigation like the present action, where individual Plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate Defendant. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant savings of these costs.

70. The members of the Class have been damaged and are entitled to recovery as a result of Defendants' common and uniform policies, practices, and procedures. Although the relative damages suffered by individual Rule 23 Class Members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that may result in inconsistent judgments about Defendants' practices.

71. Furthermore, current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide Class Members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing those risks.

**FIRST CLAIM FOR RELIEF**
**(FAIR LABOR STANDARDS ACT – UNPAID OVERTIME WAGES)**

72. Plaintiff and any FLSA Collective Action Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

73. Defendants employed Plaintiff and persons similarly situated to Plaintiff for workweeks longer than forty (40) hours and willfully failed to compensate the Plaintiff and persons similarly situated to Plaintiff for the time worked in excess of forty (40) hours per week at a rate of at least one and one-half times the applicable minimum wage or their proper regular hourly rates or pay, whichever is greater, in violation of the FLSA.

74. Defendants' violations of the FLSA have been willful and intentional.

75. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

76. As a result of Defendants' unlawful acts, Plaintiff and persons similarly situated to Plaintiff with respect to Defendants' violations of the FLSA are entitled to recover overtime compensation in amounts to be determined at trial, liquidated damages, attorneys' fees and costs of this action.

**SECOND CLAIM FOR RELIEF**
**(NEW YORK LABOR LAW – UNPAID OVERTIME WAGES)**

77. Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

78. Defendants employed Plaintiff, Class Members, and any FLSA Collective Action Plaintiff who opts-into this action, for workweeks longer than forty hours and failed to compensate

the Plaintiff, Class Members, and any FLSA Collective Action Plaintiff who opts-into this action, for hours worked in excess of forty hours per week at a rate of at least one and one-half times the applicable minimum wage or their proper regular hourly rates of pay, whichever is greater, in violation of the NYLL.

79. By Defendants' failure to pay Plaintiff, Class Members, and any FLSA Collective Action Plaintiff who opts-into this action, their correct overtime wages for hours worked in excess of forty hours per week, Defendants violated the NYLL, Article 19, § 650 *et seq.*, and the supporting New York State Department of Labor Regulations, including 12 N.Y.C.R.R. § 146.

80. Defendants' violations of the NYLL have been willful and intentional.

81. Due to Defendants' violations of the NYLL, Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, are entitled to recover from Defendants unpaid overtime wages, liquidated damages, attorneys' fees, costs of this action, and interest as permitted by law.

## THIRD CLAIM FOR RELIEF
## (NEW YORK LABOR LAW -- FAILURE TO PAY MINIMUM WAGE)

82. Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

83. Defendants employed Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts into this action, and willfully failed to pay Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts into this action, the applicable minimum wage rates for hours worked during certain workweeks, in violation of the NYLL and the supporting New York State Department of Labor Regulations.

84. Defendants' violations of the NYLL have been willful and intentional.

85. Due to Defendants' violations of the NYLL, Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts into this action, are entitled to recover from Defendants unpaid minimum wage compensation, liquidated damages, attorneys' fees, costs of this action, and interest as permitted by law.

**FOURTH CLAIM FOR RELIEF**
**(NEW YORK LABOR LAW – SPREAD OF HOURS VIOLATION)**

86. Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

87. Defendants failed to pay Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, one additional hour of pay at the basic minimum wage rate for each day their spread of hours exceeded ten in violation of NYLL § 650 *et seq.* and 12 NYCRR § 146-1.6.

88. Defendants' failure to pay spread-of-hours compensation was willful and intentional.

89. For the foregoing reasons, Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, are entitled to recover unpaid spread of hours compensation, liquidated damages, attorneys' fees, costs of this action and interest as permitted by law.

**FIFTH CLAIM FOR RELIEF**
**(VIOLATION OF NEW YORK LABOR LAW § 195(1))**

90. Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

91. Defendants failed to provide Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, with a written notice upon their hire in their primary language – or at all – regarding, *inter alia*, their rate of pay, the basis of their rate of pay, the employee's regular pay day, the name, address and telephone number of the employer, and other information required by NYLL § 195(1).

92. Due to Defendants' failure to provide Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, with the notice required by NYLL § 195(1), Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, are entitled to statutory damages, attorneys' fees and costs of this action.

**SIXTH CLAIM FOR RELIEF**
**(VIOLATION OF NEW YORK LABOR LAW § 195(3))**

93. Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

94. Defendants failed to provide Plaintiff, Class Members and any FLSA Collective Action Plaintiff, with accurate – or any – statements of their wages earned, including, *inter alia*, their correct regular and overtime rates of pay, their correct amount of regular and overtime hours worked, spread of hours compensation, and their correct amount of gross wages, net wages, deductions and allowances, for each pay period as required by NYLL § 195(3).

95. Due to Defendants' failure to provide Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, with accurate wage statements as required by NYLL § 195(3), Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, are entitled to statutory damages, attorneys' fees and costs of this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Class Members and FLSA Collective Action Plaintiffs pray for the following relief:

i. Issuing an order restraining Defendants from any retaliation against Plaintiff, Class Members and FLSA Collective Action Plaintiffs for participation in any form in this litigation;

ii. Issuing a declaratory judgment that the practices complained of in this Complaint are unlawful under the FLSA, 29 U.S.C. § 201 *et seq.* and supporting regulations and the NYLL, Article 19, § 650 *et seq.*, and the supporting New York State Department of Labor Regulations;

iii. Designating this action as an FLSA collective action on behalf of the Plaintiff and FLSA Collective Action Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Collective Action Plaintiffs apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

iv. Certifying this action a class action pursuant to Fed. R. Civ. P. 23;

v. Awarding unpaid overtime wages and an additional and equal amount as liquidated damages pursuant to the FLSA, 29 U.S.C. § 201 *et seq.* and the supporting United States Department of Labor regulations;

vi. Awarding unpaid wages, including overtime wages, minimum wages, spread of hours pay, and any other forms of compensation, pursuant to the NYLL and the

supporting New York State Department of Labor Regulations, plus an additional and equal amount as liquidated damages;

vii. Awarding damages pursuant to NYLL §§ 195(1), 195(3), 198;

viii. Awarding pre- and post-judgment interest as permitted by law;

ix. Awarding attorneys' fees incurred in prosecuting this action;

x. Awarding all costs and expenses incurred in prosecuting this action; and

xi. Granting such other and further relief as this Court deems just and proper.

Dated: Hauppauge, New York
May 26, 2026

ROMERO LAW GROUP PLLC
*Attorney for Plaintiff*
490 Wheeler Road, Suite 277
Hauppauge, New York 11788
Tel.: (631) 257-5588

By: ______________________________
DAVID D. BARNHORN, ESQ.